IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TITLEMAX OF DELAWARE, INC. | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. 24-930-GBW |
| v. | : |
| | : |
| WENDY SPICHER, in Her Official Capacity | : |
| as Secretary of the Pennsylvania Department of | : |
| of Banking and Securities, | : |
| | : |
| Defendant. | : |
| | : |

## MEMORANDUM ORDER

Pending before the Court is Defendant's Motion to Transfer Venue or, Alternatively, to Stay Discovery and Pretrial Deadlines (the "Motion"), D.I. 27. Through the Motion, Defendant, Wendy Spicher, in her official capacity as Secretary of the Pennsylvania Department of Banking and Securities ("Defendant"), seeks an Order transferring this action to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). Plaintiff, TitleMax of Delaware, Inc. ("Plaintiff" or "TitleMax") opposes the Motion. For the reasons discussed below, the Court **GRANTS** the Motion.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

TitleMax is a company incorporated in Delaware with its principal place of business in Savannah, Georgia. *See* D.I. 31, at 2; D.I. 28, at 7. Since its incorporation, TitleMax offered an installment loan product secured by the borrower's vehicle title. D.I. 31, at 2; D.I. 11-2 ("Dunn Decl.") at ¶ 9. TitleMax also offered unsecured personal loan products. D.I. 31, at 2; Dunn Decl. at ¶ 10. Most of the loan activities of TitleMax which were provided to Pennsylvania residents originated in some part out of brick and mortar stores in Delaware but led to subsequent

alleged predatory lending and enforcement actions in Pennsylvania and other states. *See* D.I. 31, at 3; D.I. 36 at 1. Apparently, TitleMax ceased operating in Delaware as of January 1, 2021. *See* D.I. 36 at 1.

Defendant is the Secretary of the Pennsylvania Department of Banking and Securities, which is responsible for administering Pennsylvania's relevant usury laws. Two pieces of legislation the Department enforces are the Pennsylvania Loan Interest and Protection Law, 41 Pa. Cons. Stat. §§ 101-605 ("LIPL"), and the Consumer Discount Company Act, 7 Pa. Cons. Stat. §§ 6201-6221 ("CDCA"). D.I. 31 at 3.

In August 2017, "Defendant issued an investigative subpoena seeking information related to TitleMax's lending practices with Pennsylvania residents." D.I. 28 at 3. In April 2023, after over five years of protracted litigation, TitleMax produced documents responsive to the subpoena. *Id.* On June 14, 2024, Defendant initiated a civil enforcement proceeding in Pennsylvania by issuing an Order to Show Cause against TitleMax and seeking penalties. After receiving extensions to file an answer in the civil enforcement proceeding in Pennsylvania, TitleMax filed six federal lawsuits in six different jurisdictions, including this action, on August 13, 2024.[1] *See id.*

Defendant filed the present Motion on November 4, 2024. Plaintiff filed its answering brief on November 18, 2024, and Defendant filed her reply brief on November 25, 2024. The Motion is now ripe for decision.

---

[1] In addition to the instant action, those additional cases are *CCFI Companies, LLC and TitleMax of Ohio, Inc. v. Spicher*, No. 3:24-cv-00220-TMR-PBS (S.D. Ohio); *TitleMax of South Carolina, Inc. v. Spicher*, No. 4:24-cv-04399-JD (D.S.C.); *TMX Fin. LLC and Title Max Funding, Inc. v. Spicher*, No. 4:24-cv-00175-RSB-CLR (S.D. Ga.); *TMX Fin. Corp. Serv., Inc. v. Spicher*, No. 3:24-cv-02054-D (N.D. Tex.) and *TitleMax of Virginia, Inc. v. Spicher*, No. 7:24-cv-00532-RSB-CKM (W.D. Va.).

## II. ANALYSIS

Defendant seeks to have venue of this action moved to the United States District Court for the Middle District of Pennsylvania pursuant to either 28 U.S.C. § 1404 or 28 U.S.C. § 1406 or, in the alternative, for an order to stay discovery and pretrial deadlines. Given that the Motion is being granted pursuant to 28 U.S.C. § 1404, the Court does not need to analyze or decide the Motion under 28 U.S.C. § 1406 or the alternative request for a stay.

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In determining whether transfer of venue is warranted, courts perform a two-step inquiry. First, the court determines "whether the action could have been brought originally in the proposed transferee forum." *Blackbird Tech LLC v. TuffStuff Fitness, Int'l, Inc.*, 2017 WL 1536394, at *1 (D. Del. Apr. 27, 2017). Second, the court evaluates "whether transfer would best serve the convenience of the parties and witnesses as well as the interests of justice." *Id. See also In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 57 (3d Cir. 2018). In evaluating the second step, courts in the Third Circuit weigh twelve factors, some private interest and some public interest factors, commonly known as the *Jumara* factors which were set forth in *Jumara v. State Farm Insurance*, 55 F.3d 873, 879-80 (3d Cir. 1995). *See Pers. Genomics Taiwan Inc. v. Pac. Biosciences of California, Inc.*, No. 19-1810-GBW, 2024 WL 3043329, at *1 (D. Del. June 18, 2024). The private interest *Jumara* factors are as follows: (1) plaintiff's choice of forum; (2) defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses; and (6) the location of books and records. See

3

id. The public interest *Jumara* factors are as follows: (7) the enforceability of the judgment; (8) practical considerations that could make the trial easy, expeditious, or inexpensive; (9) the relative administrative difficulty in the two fora resulting from court congestion; (10) the local interest in deciding local controversies at home; (11) the public policies of the fora; and (12) the familiarity of the trial judge with the applicable state law in diversity cases. *See id.* The party seeking transfer bears the burden "to establish that a balancing of proper interests weigh[s] in favor of transfer." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

After evaluating the pertinent facts and weighing the *Jumara* factors, the Court finds that this action could have been filed in the United States District Court for the Middle District of Pennsylvania and the *Jumara* factors strongly weigh in favor of transfer of venue to the Middle District of Pennsylvania.

### A. This Action Could Have Been Filed in the Middle District of Pennsylvania

First, all of the claims asserted by TitleMax against Defendant arise under 42 U.S.C. § 1983. *See* Complaint, D.I. 1. Thus, all of Plaintiff's claims arise under the laws of the United States and, therefore, the U.S. District courts have original jurisdiction (in other words, subject matter jurisdiction) of all such civil actions under 28 U.S.C. § 1331. Second, venue is appropriate in the Middle District of Pennsylvania because Defendant is considered under the general venue statute, 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(c)(2), to reside in the Middle District of Pennsylvania. Third, there are sufficient grounds for Pennsylvania to exercise personal jurisdiction over TitleMax in this action. *See* D.I. 36 at 5 ("TitleMax called Pennsylvania residents to discuss their loan applications. . . . TitleMax secured those loans with the title to Pennsylvania residents' automobiles located in Pennsylvania and then registered the liens with the Pennsylvania Department of Transportation. When a Pennsylvania borrower

could not repay its loan, TitleMax dispatched its agents to seize the automobile located in Pennsylvania.") (citing Deposition of TitleMax's Corporate Representative); *also TitleMax of Del., Inc. v. Weissmann*, 24 F.4th 230, 239 (3d Cir. 2022) ("Because TitleMax both receives payment from within Pennsylvania and maintains a security interest in vehicles located in Pennsylvania that it can act upon, its conduct is not 'wholly outside' of Pennsylvania."). Thus, for purposes of 28 U.S.C. § 1404(a), this action could have originally been filed in the Middle District of Pennsylvania. *See Auto Equity Loans of Delaware, LLC v. Shapiro*, No. 18-1470-MN, 2019 WL 4169794 (D. Del. Sep. 3, 2019).

### B. The Jumara Factors Strongly Weigh in Favor of Transfer of Venue to the Middle District of Pennsylvania

The Third Circuit has explained that 28 U.S.C. § 1404(a) ("Section 1404(a)") "was intended to vest district courts with broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara*, 55 F.3d at 883; *Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 750 (D. Del. 2012).

#### 1. Plaintiff's Choice of Forum

Plaintiff's choice of forum is typically given significant deference by courts and is not lightly disturbed. *Shutte*, 431 F.2d at 25 ("[U]nless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail."). However, there are situations where the plaintiff's choice of forum is given less deference such as, for example, when plaintiff has selected the forum for an improper reason such as forum shopping, or where the cause of action has little connection with the chosen forum. *See Dialect, LLC v. Google, LLC*, No. 23-378-GBW, 2024 WL 1328909, at *1 (D. Del. Mar. 28, 2024) ("Thus, when a plaintiff has no connection to Delaware other than its choice to sue here and its Delaware

incorporation, such a plaintiff's choice will not dominate the balancing to the same extent it otherwise might.") (internal quotation marks and citations omitted); *In re TCW/Camil Holding L.L.C.*, 2004 WL 1043193, at *2 ("[P]laintiff is incorporated under the laws of the State of Delaware. Nevertheless, the District of Delaware is not plaintiff's 'home turf,' since it maintains its principal place of business in New York."); *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 764 (D. Del. 1991) (when plaintiff chooses to litigate outside its principal place of business, its choice of forum is entitled to less deference).

      The circumstances of this action justify providing less deference to Plaintiff's choice of forum. First, the underlying business activities of TitleMax that led to the civil enforcement action in Pennsylvania, which ultimately led to this action by TitleMax, involve a scenario where some or nearly all lending actions took place in Delaware, but subsequent actions of TitleMax and its agents took place in Pennsylvania and/or inevitably had consequences in Pennsylvania. Second, on the same day that TitleMax filed this action, it filed nearly identical actions in five other federal jurisdictions – all focused on Defendant's purported intrusion beyond the bounds of Pennsylvania into TitleMax's activities in other states. *See CCFI Companies, LLC and TitleMax of Ohio, Inc. v. Spicher*, No. 3:24-cv-00220-TMR-PBS (S.D. Ohio); *TitleMax of South Carolina, Inc. v. Spicher*, No. 4:24-cv-04399-JD (D.S.C.); *TMX Fin. LLC and Title Max Funding, Inc. v. Spicher*, No. 4:24-cv-00175-RSB-CLR (S.D. Ga.); *TMX Fin. Corp. Serv., Inc. v. Spicher*, No. 3:24-cv-02054-D (N.D. Tex.) and *TitleMax of Virginia, Inc. v. Spicher*, No. 7:24-cv-00532-RSB-CKM (W.D. Va.). Thus, there is nothing unique to Delaware about TitleMax's claims. Instead, the fact that TitleMax, in one corporate form or another, filed nearly identical lawsuits against Defendant in six different federal jurisdiction smells of forum shopping. In fact, it is not a stretch for this Court to view TitleMax's filing of six nearly identical actions in six different

federal jurisdictions as forum shopping given that TitleMax had already received an unfavorable ruling from the Third Circuit in 2022. *See TitleMax of Del.,* 24 F.4th at 239.

Given TitleMax's actions in filing five other nearly identical actions in five different federal jurisdictions outside of Delaware, the fact that TitleMax's principal place of business is located in Georgia, and the interests that Pennsylvania has in this action, this Court finds that Plaintiff's choice of forum, although entitled to significant deference, is not entitled to paramount deference under the circumstances of this case. On balance, this factor still weighs against transfer.

### 2. Defendant's Forum Preference

This factor weights in favor of transfer. Defendant's interest in having this case transferred to the Middle District of Pennsylvania is clear.

### 3. Whether the Claims Arose Elsewhere

This factor weighs in favor of transfer. Defendant contends that this factor weighs in favor of transfer because "[t]he challenged conduct and enforcement actions relevant to this case arose in Pennsylvania, not Delaware." D.I. 28 at 7. Plaintiff, on the other hand, contends that this factor weighs against transfer because "the events that give rise to TitleMax of Delaware's claims have significant connections to Delaware. D.I. 31 at 9.

The Court agrees with Defendant. Plaintiff's claims arise out of its clam that Defendant, as the Secretary of the Pennsylvania Department of Banking and Securities, may not investigate Plaintiff's business practices. D.I. 1 at ¶¶ 130-131 ("Therefore, the Defendant, through her agents in the Department, is attempting to regulate "commerce that takes place wholly outside of [Pennsylvania]'s borders," which "the Commerce Clause precludes. Accordingly, the Defendant's efforts to regulate TitleMax of Delaware under the LIPL and CDCA violate the

Dormant Commerce Clause embedded at Article I, Section 8 of the U.S. Constitution. For that reason, declaratory and permanent injunctive relief should be entered. See 42 U.S.C. § 1983."). All of the actions related to Defendant's investigatory and regulatory actions arose in Pennsylvania. Complaints were received by Defendant from Pennsylvania residents, the investigation was opened and subpoena issued from Defendant's office in Pennsylvania, and correspondence was sent to Plaintiff from Defendant's office in Pennsylvania. Thus, this factor weighs in favor of transfer.

### 4-5. Convenience of the Parties and Witnesses

These factors weigh in favor of transfer. Defendant contends that these factors weigh in favor of transfer because the Secretary is a Pennsylvania state official, and the key witnesses and the consumers that were victimized by Defendant's alleged predatory actions are all located in Pennsylvania. *See* D.I. 28 at 8. Plaintiff, on the other hand, contends that Defendant fails to demonstrate that these factors weigh in favor of transfer because transfer would improperly shift the burden of inconvenience to Plaintiff and convenience of the witnesses is only relevant to the extent the witnesses may actually be unavailable for trial in one of the fora. *See* D.I. 31 at 10. "In other words, 'this factor is only given weight when there is some reason to believe that a witness actually will refuse to testify absent a subpoena." *See id.* (citing *Smart Audo Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 732 (D. Del. 2012).

Although Plaintiff complains that Defendant failed to meet her burden because she did not specifically identify any non-party or third-party witnesses who would refuse to testify in Delaware, Defendant does assert that consumers victimized by Plaintiff's actions are numerous, located in Pennsylvania, and cover 5,270 loan transactions that TitleMax engaged in with Pennsylvania residents. *See* D.I. 28 at 8. Also, courts have held that convenience of the

8

witnesses is a factor to be considered in determining whether to a grant a motion to transfer. *See, e.g., Zazzali v. Swenson*, 852 F. Supp. 2d 438, 451 (D. Del. 2012) ("[W]here none of the material non-party witnesses are within [the] Court's subpoena power and almost all of the material non-party witnesses are within the proposed transferee court's subpoena power, this factor weighs in favor of transfer."); *Boram Pharm. Co. v. Life Techs. Corp.*, 2010 WL 2802727, at *2 (D. Del. July 14, 2010). On balance, this factor weighs in favor of transfer, albeit only slightly.

### 6. Location of Books and Records

"*Jumara* instructs the Court to give weight to the location of books and records necessary to the case only 'to the extent that the files [and other evidence] could not be produced in the alternative forum.'" *Auto Equity Loans of Delaware, LLC*, 2019 WL 4169794, at *9. Given the technological advances have lessened this burden, the court does not foresee any issues with the necessary documents being made available in either Pennsylvania or Delaware. Thus, this factor is neutral. *See id.*

### 7. Enforceability of the Judgment

Defendant contends that this factor weighs in favor of transfer because "courts within this District have recognized that the enforceability factor weighs in favor of transfer when an individual is sued in their official capacity outside of the state of their office." *See* D.I. 28 at 8-9 (citing *Auto Equity Loans of Delaware, LLC*, 2019 WL 4169794, at *9). Plaintiff responds "that has no bearing on whether declaratory or injunctive relief ordered by this Court is enforceable" and claims "such a judgment is enforceable." *See* D.I. 31 at 12. However, ironically, the case cited by Plaintiff in support of its position is from a federal court in Pennsylvania and is not directly on point. The Court finds this factor weighs in favor of transfer. *See Auto Equity Loans of Delaware, LLC*, 2019 WL 4169794, at *9.

### 8. Practical Considerations

Defendant contends that factor 8, practical considerations that could make the trial easy, expeditious or inexpensive, weighs in favor of transfer "because access to evidence and other sources of proof will be easier in Pennsylvania. . . . Transferring the case to the Middle District of Pennsylvania would provide easier access to these sources of proof and reduce the logistical burden of transporting documents and other evidence across state lines." D.I. 28 at 9. Plaintiff, in response, asserts that this factor is neutral because "there is no apparent broader public benefit to this case proceeding in this Court versus the proposed transferee court." D.I. 31 at 12. The Court agrees with Plaintiff. Defendant's contentions have been raised in other *Jumara* factors; thus, the Court will not count them again in analyzing this factor. Thus, given that there is no apparent broader public benefit to the instant case proceeding in this Court versus the Middle District of Pennsylvania, this factor is neutral. *See Auto Equity Loans of Delaware, LLC*, 2019 WL 4169794, at *9; *W.R. Berkley Corp. v. Niemela*, No. 17-32-GMS, 2017 WL 4081871, at *4 (D. Del. Sept. 15, 2017).

### 9. Relative Administrative Difficulties Due to Court Congestion

This factor weighs in favor of transfer. The District of Delaware has a substantially heavier case load than the Middle District of Pennsylvania as evidenced, in part, by the weighted case filings per active judgeship in the District of Delaware for the year ending December 2023 was 666 compared to the weighted case filings per active judgeship in the Middle District of Pennsylvania for year ending December 2023 was 425. *See* <u>https://www/uscourts.gov/sites/default/files/fcms_na_distcomparison1231.2023.pdf</u>.

### 10 - 11. Local Interest and Public Policies

Factor 10, local interest in deciding local controversies at home, is neutral. Plaintiff contends that its claims "challeng[e] the Secretary's extraterritorial incursion into Delaware to unconstitutionally regulate TitleMax of Delaware" and its "claims implicate core state sovereignty interests affecting the rights of every Delawarean (and every Delaware entity.)" D.I. 31 at 13-14. Defendant, on the other hand, asserts that "Pennsylvania's interest in protecting its citizens from predatory lending practices is paramount." D.I. 28 at 10. Given the competing interests of the two states, factor 10 is neutral. Similarly, factor 11, public policies of the fora, is neutral given the competing public policies of the states.

### 12. Familiarity of the Trial Judge with the Applicable State Law

Factor 12, familiarity of the trial judge with the applicable state law in diversity cases, weighs in favor of transfer. *See Auto Equity Loans of Delaware, LLC*, 2019 WL 4169794, at *10. Although Plaintiff points out that this case is not a diversity case and notes that this Court is more than capable of interpreting and applying Pennsylvania law, it fails to acknowledge that "application of substantive Pennsylvania law will be required to determine whether Defendant, [as the Secretary of the Pennsylvania Department of Banking and Securities], has the authority to investigate out-of-state business entities as well as to enforce provisions of Pennsylvania law against contracts entered into between Pennsylvania residents and out-of-state business entities. Given that a Pennsylvania court will have greater familiarity with the state law at issue than this Court, this factor weighs in favor of transfer." *Id.*

### 13. Balancing the private and public factors

A balancing of the twelve *Jumara* factors leads this Court to find that the instant action should be transferred to the Middle District of Pennsylvania. Seven factors weigh in favor of

transfer, four factors are neutral, and only one factor, the Plaintiff's choice of forum, weighs against transfer. Although this Court has accorded Plaintiff's choice of forum significant deference, the seven factors that weigh in favor of transfer tip the balance of convenience to clearly overcome Plaintiff's choice of forum and to justify the transfer of the instant action to the Middle District of Pennsylvania. Accordingly, the Motion is granted.

### III.  CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to transfer this case to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

*          *          *

The Court, having considered Defendant's Motion to Transfer Venue or, Alternatively, to Stay Discovery and Pretrial Deadlines, D.I. 27, and the opposition thereto, IT IS HEREBY ORDERED this 20th Day of December 2004, that Defendant's Motion to Transfer (D.I. 27) is GRANTED and the Clerk of Court is HEREBY ORDERED to transfer this action to the United States District Court for the Middle District of Pennsylvania.

_____
UNITED STATES DISTRICT JUDGE